[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM GRANTING MOTION FOR SUMMARY JUDGMENT
In this action, pursuant to General Statutes 38a-369 (b), to recover basic reparations benefits it has paid to the defendant insured, the plaintiff insurer has moved for summary judgment. It maintains that all of the essential facts have been admitted by virtue of the defendant's failure to respond to its request for admissions as provided by P.B. 239.
The facts established by the defendant's failure CT Page 6698 to respond in accordance with P.B. 239 are that: (1) on November 19, 1989, the defendant who was insured under an automobile policy of the plaintiff, was injured in a motor vehicle accident; (2) pursuant to the policy, the plaintiff paid $1,741.44 to the defendant as basic reparations benefits; (3) the defendant received a sum in excess of $1,741.44 in settlement of his claim against the driver of the other automobile involved in the accident; and (4) the defendant negotiated this settlement with the other driver's insurer, Allstate Ins. Co., without counsel.
The defendant has filed no response or memorandum of law contesting the motion for summary judgment, but he did file an answer to the complaint. In his answer the defendant admits that the plaintiff has paid the medical bills arising out of the accident and that he has received a settlement from Allstate. He claims, however, that the amount he received was limited to compensation for his pain and suffering and did not include any compensation for his medical bills. General Statutes 38a-369 (b), however, does not provide for splitting a personal injury claim into its component parts but requires that "[w]henever a person who receives basic reparations benefits for an injury recovers damages, either by judgment or settlement . . . the insurer is entitled to reimbursement from the claimant to the extent that basic reparations benefits have been paid," less the insurer's share of attorney's fees for collection of basic reparations benefits. No such attorney's fees were incurred by the defendant.
The court agrees with the plaintiff that this is no dispute about the essential facts. Accordingly, the motion is granted and judgment is rendered for the plaintiff to recover $1,741.44 plus costs to be taxed by the clerk.
David M. Shea State Trial Referee CT Page 6699